Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>(1) DELMER VELASQUEZ-LICONA,<br>(2) RODRIGO ALVAREZ-QUINONEZ,<br>(3) JORGE CRUZ-HERNANDEZ,<br>(4) JUAN HERNANDEZ-HERNANDEZ,<br>(5) JOSE FERNANDO ESCOTO-FIALLOS,<br>(6) SAUL SUAREZ-MATA,<br>(7) JORGE ALBERTO RAMOS, and<br>(8) TARA SCOTT,<br><br>              Defendants. | NO.   CR20-093RSM<br><br>ORDER |

The Court issues this order after reviewing the government's motion to continue the trial date that was joined by four of the five remaining defendants, and all briefing filed in response to the motion.

Trial is currently scheduled for September 13, 2021. This is the second request for a countenance of the trial date. In response to a request from the parties, the Court previously indicated that the following trial dates were open: November 1, 2021, December 13, 2021,

and January 18, 2022.  The respective position of counsel for the defendants regarding the continuation of the trial date is as follows:

Delmer Velsquez-Licona (defense counsel Lauren Wegener): Does not oppose a continuance and will sign a speedy trial waiver. If the trial is continued, prefers a January 18, 2022, trial date.

Rodrigo Alvarez-Quinonez (defense counsel Terrence Kellog): At the time of the filling of this motion, counsel has not had an opportunity to consult with his client. Counsel believes his client will likely oppose any motion to continue the trial date.

Jorge Cruz-Hernandez (defense counsel Jennifer Horwitz and Fatima Dilek): Does not oppose a continuance and will sign a speedy trial waiver. If the trial is continued, does not oppose any of the three proposed dates, but prefers November 1 or December 13, 2021.

Jose Escoto-Fiallos (defense counsel Christopher Black and Sade Smith): Does not oppose a continuance and will sign a speedy trial waiver. If the trial is continued, prefers a December 13, 2021, trial date.

Jorge Ramos (defense counsel Phil Brennan): Does not oppose a continuance and will sign a speedy trial waiver. If the trial is continued, prefers a January 18, 2022, trial date.

The government indicated that it was prepared to proceed to trial on September 13, 2021, but acknowledged the difficulties – primarily imposed by the COVID pandemic – encountered in fully and fairly negotiating and resolving the pending charges.

Having considered the proposed requests for a continuance, any responses and objections, and all the files and records herein, the Court finds and rules as follows:

The facts supporting continuing the trial and excluding the consequent delay include the following: (a) the large number of defendants charged; (b) the large number of charged counts; (c) the number of related indictments and related defendants; (d) the nature of the prosecution, which includes wiretaps over multiple phone lines; (e) the significant sentences faced by all of the defendants as currently charged, (e) the volume of discovery which has resulted in the appointment of a discovery coordinator at the request of the defendants, and (g) the need for defense counsel to have an appropriate period to review discovery, consult

1  with their clients, and prepare a defense. In this regard, the Court adopts the facts set forth in
2  the Government's Status Memorandum (Dkt. 110), and which were not contested by any
3  defendant.

4      Additional facts supporting continuing the trial and excluding the consequent delay
5  include the following: (a) the difficulties that the COVID-19 pandemic has imposed on
6  counsel in consulting with their clients, especially those who are incarcerated, and (b) the
7  fact that the COVID-19 pandemic has delayed the government's efforts to speak with those
8  defendants who wish to proffer and hindered efforts to negotiate and resolve cases. The
9  Court recognizes that a failure to continue the trial date might unreasonably penalize those
10  defendants who still wish to negotiate a resolution with the government.

11      THIS COURT FINDS, pursuant to Title 18, United States Code, Section
12  3161(h)(7)(B)(i) and (ii) that this case is sufficiently unusual and complex, due the
13  combination of the number of defendants and the nature of the prosecution, and that the
14  COVID-19 pandemic has adversely impacted the counsel's ability to effectively consult with
15  their clients to either discuss potential resolution short of trial or to prepare for trial, such that
16  it is unreasonable to expect adequate preparation by the parties for pretrial proceedings or for
17  the trial itself by the current trial date.

18      THE COURT THEREFORE FINDS that failure to grant the continuance in this case
19  would likely make the continuation of these related proceedings impossible and result in a
20  miscarriage of justice, because failing to continue this matter would deny counsel for the
21  parties the reasonable time necessary for effective preparation, due to defense counsels' need
22  for more time to review the considerable volume of discovery and evidence produced, and
23  still to be produced, and to consider possible defenses and motions, taking into account the
24  exercise of due diligence.

25      THE COURT FINDS, in light of these factors, that it is unlikely that the parties can
26  be reasonably ready to try this matter before January 18, 2022, at the earliest.

27      THIS COURT FINDS, pursuant to Title 18, United States Code, Section 3161(h)(6)
28  and (7), that this is a reasonable period of delay in that the majority of the defendants have

indicated they require more time to prepare for trial or to negotiate a resolution of the charges. The Court finds that given the complexity of the case, the number of defendants, and the volume of discovery produced, and still to be produced, that more time is, in fact, necessary.

THIS COURT FINDS, therefore, that pursuant to Title 18, United States Code, Sections 3161(h)(6) and 3161(h)(7), the ends of justice will best be served by a continuance, and that they outweigh the interests of the public and the defendants in a speedy trial.

THIS COURT FURTHER FINDS that all of the additional time requested between the current trial date of and the new trial date of January 18, 2022, is necessary to provide counsel for the defendants the reasonable time necessary to prepare for trial.

THE COURT FURTHER FINDS that the objection of Defendant Alvarez-Quinonez to a continuance is hereby overruled. Defendants in this case are alleged to have conspired together. All of the charges arise out of a common investigation, including common wiretap applications and a common search warrant application. It is well established that in multi-defendant cases, a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6).

NOW, THEREFORE, IT IS HEREBY ORDERED that the trial date and pre-trial motions deadline, and all other associated deadlines are stricken.

IT IS HEREBY ORDERED that stipulating defendants shall file speedy trial waivers as soon as reasonable possible in light of the COVID-19 pandemic, to the extent they have not already done so.

IT IS FURTHER ORDERED that the time between this date and the new trial date is excluded in computing the time within which a trial must be held pursuant to Title 18, United States Code, Section 3161, et seq.

///

///

///

Order - 4
*U.S. v. Velasquez-Licona et al.*, CR20-093RSM

IT IS HEREBY ORDERED, that the trial date will be continued as to all Defendants until January 18, 2022 at 9:00 a.m. Pre-trial motions are due by November 19, 2021.

DATED this 20th day of July, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:
TESSA M. GORMAN
Acting United States Attorney

/s Stephen Hobbs
STEPHEN HOBBS
Assistant United States Attorneys

Order - 5
*U.S. v. Velasquez-Licona et al.*, CR20-093RSM